**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| GURGLEPOT, INC., a Washington corporation,<br><br>                      Plaintiff,<br><br>vs.<br><br>NEW SHREVE, CRUMP & LOW LLC, a Delaware limited liability company,<br><br>                      Defendant. | NO.  3:13-cv-6029<br><br>COMPLAINT FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATION, DECLARATORY JUDGMENT OF NONINFRINGEMENT, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE<br><br>**JURY DEMAND** |

Plaintiff GurglePot, Inc. ("GurglePot" or "Plaintiff"), by and through the undersigned counsel, hereby allege as follows:

## **NATURE OF ACTION**

1. This is an action for cancellation of a federal trademark registration under the federal Trademark Act (the "Lanham Act") (15 U.S.C. §1064), for declaratory judgment under the Federal Declaratory Judgments Act (28 U.S.C. §§2201 and 2202), for damages and injunctive relief for unfair competition under the Lanham Act and under federal and Washington State common law, and for damages and injunctive relief for tortious interference with contractual relations under Washington State common law.

COMPLAINT - 1

**PARTIES**

2. Plaintiff is a corporation formed under the laws of the State of Washington, with its principal place of business in Lake Tapps, Washington.

3. Upon information and belief, defendant New Shreve, Crump & Low LLC ("New Shreve" or "Defendant") is a limited liability company formed under the laws of Delaware, with its principal place of business in Boston, Massachusetts.

**JURISDICTION AND VENUE**

4. This court has subject matter jurisdiction pursuant to 15 U.S.C. §1521, and 28 U.S.C. §§1331 and 1338 of the claims under the Lanham and Declaratory Judgments Acts and the related claims of unfair competition.

5. This court also has and/or in the alternative has subject matter jurisdiction of all state law claims pursuant to 28 U.S.C. §§1332(a) and 1367.

6. There is complete diversity of citizenship between the parties.

7. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. On information and belief, Defendant is subject to the personal jurisdiction of this Court with respect to this action.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) in that on information and belief, Defendant is subject to the personal jurisdiction of this Court with respect to this action and/or a substantial part of the events giving rise to Plaintiff's claims occurred in or were aimed at this district.

COMPLAINT - 2

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

**FACTS**

10.     Plaintiff designs and, since at least as early as April 28, 2006, has sold a line of ceramic pitchers in the shape of a stylized fish under the trademark "GURGLEPOT" (the "GurglePot Pitchers"). Plaintiff's pitchers are sold to consumers through a distribution channel of retailers in the United States and other countries, as well as directly by Plaintiff. The "GURGLEPOT" trademark has been registered in the United States Patent and Trademark Office ("Trademark Office") (Registration No. 3,236,808 issued May 1, 2007) and elsewhere.

11.     Upon information and belief, Defendant currently owns and operates the Shreve, Crump & Low retail jewelry store with locations in Massachusetts, and has done so since 2007 pursuant to its purchase of substantially all of the assets as a going concern of Tyringham Holdings, Inc., the debtor and debtor-in-possession in Bankruptcy Case 06-32385-DOT (U.S. Bankr. Court, E.D. Va.). Defendant currently markets a line of cod-shaped pitchers under the trademark "GURGLING COD," which it sells to consumers from its retail jewelry stores and via its website. Defendant has registered in the Trademark Office (Registration No. 3,572,583 issued February 10, 2009) (the "Registration") the mark (the "Trade Dress") consisting of a "three (3) dimensional configuration of a fished shaped container" shown in the following drawing (Figure 1); "the material shown in the broken lines is not claimed as part of the mark":

COMPLAINT - 3

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929



**Figure 1. Drawing Shown in the Registration**

12. On or about October 4, 2013 and November 7, 2013, Defendant's authorized attorneys contacted Plaintiff or its authorized attorneys by letter to assert that Plaintiff's GurglePot Pitcher "constitutes infringement" of the Trade Dress "under Sections 32 and 43(a) of the Lanham Act, as well as under state and common law."

13. These letters further asserted that "rather than engage in trademark enforcement activities," Defendant would offer Plaintiff "a geographically limited, non-exclusive, royalty-bearing license" to sell the GurglePot Pitchers in the United States and "any other fish-shaped pitchers that may be confusingly similar to [Defendant's] GURGLING COD® pitcher." The license would not permit sales "in the greater Boston area, specifically, anywhere within a fifty (50) mile radius of the Shreve, Crump & Low store on Newbury Street in Boston." The

COMPLAINT - 4

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

November 7, 2013 letter stated that "in exchange for a 10% royalty on gross sales in the licensing territory, [Defendant] would consider a royalty at this level sufficient to fully compensate [Defendant] for the use of its intellectual property" and therefore, that Defendant "would not seek any additional royalties from retailers to whom GurglePot may sell its licensed merchandise in the licensed area." Plaintiff has rejected Defendant's license offer.

14. The November 7, 2013 letter further requested Plaintiff "[r]egarding past, unauthorized sales of fish-shaped pitchers by GurglePot" to "provide an accounting of all revenues and profits resulting from the sale of the accused fish-shaped pitchers for the three years previous to the date of this letter," to allow Defendant "to determine what, if anything, will be necessary for [Defendant] to agree to a release of GurglePot and, potentially, its customers for all past acts of infringement."

15. The October 4, 2013 letter further asserted that Defendant "reserves its rights to take further action with no notice to you" and cautioned that:

> "The consequences of Lanham Act violations are significant. Among other remedies, the Lanham Act provides for the recovery of damages by the owner of trade dress so infringed (which can be trebled, when infringement takes place knowingly and in bad faith) as well as injunctive relief, costs of suit, disgorgement of profits, and the possibility of an assessment for the plaintiff's attorneys' fees."

16. On information and belief, on or about November 7, 2013, Defendant's authorized attorneys contacted Plaintiff's customer, Alfred F. DeScenza & Son, Inc. ("DeScenza"), by letter to assert that DeScenza's sale of GurglePot Pitchers "constitutes infringement" of the Trade Dress "under Sections 32 and 43(a) of the Lanham Act, as well as under state and common law." On behalf of Defendant, the letter demanded that DeScenza:

COMPLAINT - 5

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

      a.    Cease and desist from any and all sales or distribution, importation, promotion, and/or advertising of fish-shaped ceramic pitchers that arc confusingly similar to the GURGLING COD Trade Dress, including without limitation the GurglePot Pitcher.

      b.    Provide Defendant with any accounting of all past sales of fish-shaped ceramic pitchers by DeScenza.

      c.    Provide Defendant with an inventory of all fish-shaped ceramic pitchers that DeScenza has within its possession, custody, or control.

17.    The foregoing letter dated November 7, 2013 further asserted that Defendant "reserves its rights to take further action with no notice to you" and cautioned that:

> "The consequences of Lanham Act violations are significant. Among other remedies, the Lanham Act provides for the recovery of damages by the owner of trade dress so infringed (which can be trebled, when infringement takes place knowingly and in bad faith) as well as injunctive relief, costs of suit, disgorgement of profits, and the possibility of an assessment for the plaintiff's attorneys' fees."

### CANCELLATION OF FEDERAL TRADEMARK REGISTRATION UNDER 15 U.S.C. §1064

18.    Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 17 above.

19.    Plaintiff believes that it is being damaged and will continue to be damaged by the Registration.

20.    The Trade Dress claimed in the Registration is not distinctive under *Wal-Mart Stores, Inc. v Samara Bros.*, 529 U.S. 205, 212 (2000).

21.    The Trade Dress claimed in the Registration has not acquired distinctiveness under §2(f) of the Lanham Act.

COMPLAINT - 6

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

22. Fish-shaped gurgling pitchers that are similar in shape and design to the Trade Dress claimed in the registration have been manufactured, distributed, and sold in the U.S. for many decades by various parties other than Defendant.

23. Fish-shaped gurgling pitchers that are similar in shape and design to the Trade Dress claimed in the registration have been manufactured, distributed, and sold in the U.S. for many decades by various parties without a license from Defendant.

24. Defendant has engaged in inequitable, abusive, and/or improper conduct in exploiting or enforcing the Registration, including but not limited to: (a) claiming as part of the Trade Dress the concept and function of the fish-shaped gurgling pitcher, which has passed through various sources of manufacture and sale since at least as early as the 1870's; (b) claiming as part of the Trade Dress features of product design that are functional; and (c) claiming as part of the Trade Dress aspects of product design that are not distinctive.

25. On August 26, 2008, Defendant filed Trademark Application Serial No. 77/556049 (the "Application") in the Trademark Office, through its lawyers, stating under notice of 18 U.S.C. §1001 that the Trade Dress "has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement."

26. The foregoing statement made to the Trademark Office in the Application was false, in that as of August 26, 2008, Defendant's use of the Trade Dress had not been substantially exclusive for at least the immediately prior five years and its use was not then substantially exclusive.

27. Defendant knew that the statement was false.

COMPLAINT - 7

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

28. Defendant knowingly made material misrepresentations to the Trademark Office with the intent to deceive in order to obtain the Registration.

29. The Trademark Office relied on the representations in issuing the Registration.

30. The Trademark Office would not have issued the Registration but for Defendant's false representations.

31. Defendant's actions in the procurement of the Registration constitute fraudulent procurement, thereby invalidating the Registration.

32. This action is being filed within five years from the date of the Registration.

33. The Registration is invalid, unenforceable, and should be cancelled.

## DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT UNDER 28 U.S.C. §§2201 AND 2202

34. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 33 above.

35. A dispute has now arisen between the parties, and an actual and justiciable controversy exists, in that Defendant asserts, and Plaintiff denies: (a) that the GurglePot Pitchers are "virtually identical" to and "create a clear likelihood of confusion" with the Trade Dress and (b) that the sale, distribution, importation, promotion, and/or advertising of the GurglePot Pitchers by Plaintiff and its customers, including but not limited to DeScenza, infringe Defendant's Trade Dress.

36. Defendant has taken affirmative acts relating to the enforcement of its alleged Trade Dress against Plaintiff and Plaintiff's customer DeScenza which create injury in fact. These include charging Plaintiff and DeScenza with infringement of the Trade Dress, demanding royalties, issuing a cease and desist demand, and threatening legal action.

COMPLAINT - 8

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

37.  Both designs express the concept and function of a fish-shaped gurgling pitcher. Fish-shaped gurgling pitchers that are similar in shape and design to the Trade Dress claimed in the registration have been manufactured, distributed, and sold in the U.S. and other countries for many decades by various parties other than Defendant and without a license from Defendant.

38.  Beyond that, the designs are substantially different. The GurglePot Pitcher is an original work of authorship. There are clear and significant differences between the GurglePot Pitcher and the Trade Dress, including but not limited to those illustrated in Figure 2 below and described as follows:

 

**Figure 2. Comparison of Trade Dress and GurglePot Pitcher**

a.  The shape, composition, and styling of the GurglePot Pitcher differ significantly from those of the Trade Dress. Defendant's pitcher design is more realistic and stylized, and is more true to its English style and Dartmouth Pottery antecedents. The design of the GurglePot Pitcher reduces the styling, producing a more basic, sleeker, and more updated and contemporary design. The Trade Dress in Defendant's pitcher design is intended to present

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

"anatomically correct fins, gills, and scales of one of New England's most enduring symbols." ("For the Love of Cod," *Boston* Magazine, February 2007.) The GurglePot Pitcher is not designed to resemble a cod, but is a more generic representation of a fish.

      b.     The design of the GurglePot Pitcher does not include any protruding fins. Only the pectoral, pelvic, and tail fins are shown; none stick out from the body of the pitcher. By contrast, Defendant's design includes protruding dorsal, adipose, and anal fins. The connection of the tail fin to the nape is also different between the two designs.

      c.     The fins on Defendant's design include rays, which the fins on the design of the GurglePot Pitcher do not.

      d.     The gill covering in Defendant's design is much more elaborate.

      e.     The shape of the mouths differs considerably between the two designs.

      f.     The design of the GurglePot Pitcher has a much more bulbous head and less pointed snout than Defendant's design.

      g.     The eyes in the GurglePot Pitcher consist of two concentric circles. Defendant's design uses weighted circles for the eyes.

      h.     Defendant's design includes a round base beneath the fish. The GurglePot Pitcher is free-standing.

39.     Defendant has unduly delayed in asserting its rights in the alleged Trade Dress and otherwise led Plaintiff to believe through its actions and conduct that Defendant would not assert rights in the Trade Dress against Plaintiff.

40.     Plaintiff requests a declaration and judicial determination by this Court that Plaintiff's GurglePot Pitcher does not infringe any valid and enforceable Trade Dress or other right of Defendant.

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

41. Plaintiff has no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as requested in this Complaint.

### UNFAIR COMPETITION
### UNDER 15 U.S.C. §1125(a)
### AND COMMON LAW

42. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 41 above.

43. Defendant has made and continues to make deceptive, misleading, and fraudulent statements to Plaintiff's customers about the nature and extent of Defendant's trademark rights in the Trade Dress. These statements are meant to influence customers and to steer the same away from the Plaintiff and to the Defendant.

44. Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Plaintiff's rights in violation of the Lanham Act, 15 U.S.C. §1125(a), and common law.

45. Defendant knew or should have known of Plaintiff's rights in the GurglePot Pitcher and that it does not infringe any valid and enforceable trade dress of Defendant. Defendant's false description, false representation, and false designation of origin were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. §1117.

46. Plaintiff has been, and will continue to be, damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot be fully measured or compensated in economic terms. Defendant's actions have damaged, and will continue to damage, Plaintiff's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiff. Such irreparable harm as well as financial

COMPLAINT - 11

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1 damage will continue unless the Defendant's acts are restrained and/or enjoined during the

2 pendency of this action and thereafter.

### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES AND RELATIONS UNDER WASHINGTON COMMON LAW

47. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 46 above.

48. Defendant has competed with and continues to compete with Plaintiff.

49. Defendant has made and continues to make misrepresentations to Plaintiff's customers about Defendant's purported rights in the Trade Dress.

50. Such actions constitute tortious interference with business expectancies and relations in violation of Washington common law.

51. Defendant's actions have and continue to be a direct and proximate cause of harm to Plaintiff's reputation that cannot be mitigated with damages thus causing irreparable harm as well as financial damage to Plaintiff due to lost advertising, lost business opportunities, and Plaintiff's efforts to repair the damage done by Defendant's actions, in an amount to be proven at trial. Such irreparable harm as well as financial damage will continue unless the Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

### JURY DEMAND

52. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues properly triable by jury.

COMPLAINT - 12

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

## **RELIEF REQUESTED**

Based upon the above allegations, Plaintiff requests judgment against Defendant as follows:

I.     An order to the U.S. Patent and Trademark Office cancelling U.S. Trademark Registration No. 3,572,583 in its entirety and/or, in addition or alternatively, cancelling it and/or declaring it unenforceable with respect to Plaintiff's GurglePot Pitchers;

II.    A declaratory judgment that Plaintiff's GurglePot Pitchers do not infringe any trade dress or other right of Defendant;

III.   An award to Plaintiff of Defendant's profits and Plaintiff's damages under the Lanham Act or as otherwise provided by law in such amounts as may be proven at trial;

IV.    That Defendant and its affiliates, officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from all acts of false description and representation and false designation of origin, and all acts of unfair competition, including misrepresenting to Plaintiff's customers and other third parties Defendant's purported rights in the Trade Dress;

V.     That Defendant, and its affiliates, officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from misrepresenting to Plaintiff's customers and other third parties Defendant's purported rights in the Trade Dress;

VI.    That Defendant's unfair competition be found willful and that increased damages, together with interest and costs, be awarded under the Lanham Act or as otherwise provided by law;

COMPLAINT - 13

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1     VII.    That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under the Lanham Act or as otherwise provided by law;

    VIII.    An award to Plaintiff of pre-judgment and post-judgment interest on all sums allowed by law.

    IX.    An award to Plaintiff of its costs incurred in this action.

    X.    For such other and further relief in favor of Plaintiff as this Court may deem just and proper.

DATED: December 2, 2013

SIMBURG, KETTER, SHEPPARD & PURDY, LLP

By:  s/ Jonathan I. Feil
     Jonathan I. Feil, WSBA No. 14166
     Attorneys for Plaintiff

     999 Third Avenue, Suite 2525
     Seattle, WA 98104
     Tel: (206) 382-2600
     Fax: (206) 223-3929
     E-mail: jfeil@sksp.com

COMPLAINT - 14

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929