THE HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURGLEPOT, INC., a Washington corporation, | No. 3:13-cv-6029 |
| Plaintiff, | DEFENDANT NEW SHREVE, CRUMP & LOW'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE |
| v. | |
| NEW SHREVE, CRUMP & LOW LLC, a Delaware limited liability company, | NOTED FOR:  MAY 16, 2014 |
| Defendant. | **[No Oral Argument Requested]** |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

**Table of Contents**

3   I.      FACTS .................................................................................................................2

4   II.     ARGUMENT ........................................................................................................4

5           A.      This Court does not have personal jurisdiction over New SCL ...........................4

6                   1.      New SCL's minimal contacts with the forum are not sufficient to give rise to the exercise of general jurisdiction...................................................5

7                   2.      This court does not have specific jurisdiction over New SCL...................7

8

9                           a.      GurglePot cannot establish specific jurisdiction over New SCL in relation to its claims for declaratory judgment or trademark cancellation based upon cease-and-desist letters sent by New SCL ...........................................................................8

10

11                          b.      GurglePot cannot establish specific jurisdiction over New SCL in relation to its claims for false advertising and tortious interference ................................................................11

12

13                                  i.      The only action taken by New SCL that GurglePot can allege as giving rise to its claims of injury is the sending of a single letter to a non-resident company located in Massachusetts...................................................11

14

15

16                                  ii.     The letter sent by New SCL to GurglePot's customer in Massachusetts did not target this forum and, therefore, does not give rise to personal jurisdiction....................................................................12

17

18

19          B.      Maintaining this action will result in duplicative litigation because New SCL intends to sue DeScenza as well as GurglePot in Massachusetts and DeScenza is not subject to joinder in this action ....................................................................15

20

21          C.      Alternatively, this case should be transferred to the United States District Court for the District of Massachusetts ........................................................................16

22

23                  1.      Several factors relevant to transfer of this action to Massachusetts pursuant to 28 U.S.C. § 1404(a) favor transfer .......................................17

24

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page i
No. 3:13-cv-6029

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

2. The remaining factors are neutral as to either party and, therefore, transfer is appropriate in this instance.........................................................19

D. GurglePot does not state a claim under the Lanham Act because the cease-and-desist letter New SCL sent to DeScenza does not constitute commercial advertising or promotion.........................................................21

E. GurglePot does not state a claim for tortious interference with business expectancies and relations under Washington common law..............................22

III. CONCLUSION.........................................................23

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page ii
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## **INTRODUCTION**

Defendant New Shreve, Crump & Low LLC ("New SCL") respectfully requests that this action be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). New SCL has minimal contacts with the state of Washington and is not subject to general jurisdiction in this forum. In addition, every claim brought by GurglePot, Inc. ("GurglePot") in its Amended Complaint of March 28, 2014 arises out of allegations regarding activity that took place in Massachusetts and which was not directed into Washington. As set forth below, none of these allegations, individually or in connection with one another, rises to the level of forum-related activity sufficient to subject New SCL to the specific jurisdiction of this Court.

Alternatively, and only in the event that the Court finds facts sufficient to support an exercise of jurisdiction over it, New SCL requests that this action be transferred, pursuant to 28 U.S.C. 1404(a), to the United States District Court for the District of Massachusetts in Boston. Massachusetts is a jurisdiction where this case might have been brought and the facts of this case strongly favor the Massachusetts forum.

Finally, New SCL requests that the Court dismiss the Lanham Act false advertising claim and tortious interference with business expectancies and relations claim brought by GurglePot pursuant to Fed. R. Civ. P. 12(b)(6) because GurglePot has failed to state claims upon which relief may be granted.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## I.     FACTS

2      New SCL is a Delaware corporation established in October 2006 with a principal

3 place of business in Massachusetts.  New SCL operates the Shreve, Crump & Low fine

4 jewelry stores, with current locations in Boston and Chestnut Hill, Massachusetts.  The first

5 Shreve, Crump & Low store was established in Boston in 1796, but New SCL has operated

6 only since 2006, when it obtained substantially all the assets of its predecessor in interest.

7 New SCL does not operate jewelry stores in any state other than Massachusetts.  New SCL

8 does not own or lease any real property in Washington, has no employees in Washington and

9 does not have any ongoing business relations with any entity residing in Washington.  Certain

10 of the goods that New SCL offers for sale in its stores may be purchased online via an

11 interactive website, but the volume of sales that reach Washington as a result is minimal and

12 certainly less than 1% of total sales. *See* Declaration of Michael Groffenberger in Support of

13 New Shreve, Crump & Low LLC's Motion to Dismiss or, Alternatively, to Transfer Venue,

14 attached hereto as Exhibit A, at ¶¶ 2, 3 (hereinafter Groffenberger Decl.).

15      In addition to its sales of jewelry and other gift items, New SCL sells its line of

16 Gurgling Cod® fish-shaped pitchers.  The Gurgling Cod has been sold by New SCL and its

17 predecessor Shreve, Crump & Low for over fifty years.  New SCL is the owner of U.S.

18 Trademark Registration No. 3,572,583 for the unique cod-shaped trade dress configuration of

19 the Gurgling Cod.  From time to time, New SCL takes action in order to police and enforce its

20 registered trade dress rights in the Gurgling Cod.  Groffenberger Decl. at ¶ 4.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 2
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

     In or around September 2013, New SCL became aware of a fish-shaped ceramic pitcher manufactured by plaintiff marketed under the name GurglePot. New SCL avers that the GurglePot pitcher infringes upon the Gurgling Cod trade dress and is likely to cause confusion among consumers in the marketplace. As a result, New SCL authorized its counsel to send a cease-and-desist letter to GurglePot in order to convey its concerns. On October 4, 2013, counsel for New SCL wrote to GurglePot, advising it of New SCL's trade dress rights and GurglePot's infringement of the Gurgling Cod trade dress. On October 21, 2013, counsel for GurglePot responded to New SCL's cease-and-desist letter, purporting to challenge the infringement allegations. Counsel for New SCL sent a reply on November 7, 2013, in which it reaffirmed New SCL's position regarding trade dress infringement and offered certain settlement terms.[1] Groffenberger Decl. at ¶ 5.

     In addition, on November 7, 2014, counsel for New SCL sent a cease-and-desist letter to Alfred F. DeScenza & Son, Inc. ("DeScenza") after becoming aware that DeScenza had been selling the GurglePot pitchers in direct competition with the Gurgling Cod in Boston. DeScenza operates a small chain of jewelry stores in Massachusetts. Its downtown Boston store is located approximately a mile away from New SCL's Boston store. In its letter, New SCL noted the infringing nature of the GurglePot and demanded, *inter alia*, that DeScenza cease and desist from further sales. Counsel for DeScenza responded to the New SCL letter

---

[1] Despite the fact that the letter was clearly marked as "For Settlement Purposes Only," GurglePot disclosed the substance of the letter in its Amended Complaint. New SCL reserves all rights with respect to that issue, including the right to file a motion to strike or to seek other relief from this Court, should the Amended Complaint not be dismissed.

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 3
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

on November 22, 2013, purporting to challenge New SCL's infringement claims.  New SCL has directed no further communications to DeScenza and has not knowingly sent any correspondence regarding trade dress infringement to any other purveyor of the GurglePot manufactured by plaintiff.  Groffenberger Decl. at ¶ 6.

## II.   ARGUMENT

### A.   This Court does not have personal jurisdiction over New SCL

Without providing any specific allegations regarding activities on the part of New SCL that have taken place in or were aimed at the State of Washington, GurglePot alleges "[o]n information and belief" that New SCL "is subject to the personal jurisdiction of this Court with respect to this Action."  Am. Com. ¶ 8.  This is insufficient, as GurglePot alleges nothing more.  *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (setting forth principle that plaintiff may not "simply rest on the bare allegations of its complaint" for purposes of establishing personal jurisdiction).  GurglePot is required to make a *prima facie* showing of personal jurisdiction in order to survive a motion to dismiss.  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).  In addition, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit."  *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

A Washington court may exercise jurisdiction over a non-resident defendant only when (1) the requirements of the Washington long-arm statute are met; and (2) the assertion

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

of jurisdiction comports with the Due Process Clause of the United State Constitution.

*McMains v. Picart*, 2007 U.S. Dist. LEXIS 25579, *4 (W.D. Wash. March 30, 2007); *see also*

*Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp.*, 633 F.2d 155, 157 (9th Cir. 1980).

Washington's long-arm statue is coextensive with federal law and, therefore, analysis of

personal jurisdiction in this forum turns on whether the exercise of jurisdiction is consistent

with due process. *Id.*; *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672

(9th. Cir. 2012) ("Due process requires that to exercise jurisdiction over a non-resident

defendant, the defendant 'have certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial

justice.'") (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Absent consent, a court may only exercise its power over a non-resident defendant if it

has general or specific jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d

1082, 1086 (9th Cir. 2000). For a Washington court to exercise general jurisdiction, the

defendant must have "substantial" or "continuous and systematic" contacts with the forum.

*Id.* Where there is no general jurisdiction, a court may exercise specific jurisdiction only if

the circumstances upon which the civil action is based arise from the defendant's contacts

with Washington. *Id.*

1. **New SCL's minimal contacts with the forum are not sufficient to give rise to the exercise of general jurisdiction**

The standard for general jurisdiction "is an exacting standard, as it should be, because

a finding of general jurisdiction permits a defendant to be haled into court in the forum state

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 5
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin*

2    *Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). "To determine whether a nonresident

3    defendant's contacts are sufficiently substantial, continuous, and systematic, [courts] consider

4    their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration

5    into the state's regulatory or economic markets.'" *Mavrix Photo, Inc. v. Brand Technologies,*

6    *Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (internal citation omitted).

7

8         New SCL's minimal contacts with the state of Washington are far from sufficient to

9    give rise to the exercise of general jurisdiction.  New SCL does not maintain a place of

10   business in Washington and owns no real property in the state.  New SCL has no employees

11   in Washington, no ongoing business relationships with residents of the state, does not

12   advertise directly in the forum and has only made sporadic and occasional sales to customers

13   in Washington.  Groffenberger Decl., ¶ 3.

14        In circumstances where significantly more contacts with the forum existed, the Court

15   of Appeals for the Ninth Circuit has declined to find general jurisdiction.  *Shute v. Carnival*

16   *Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990) (finding no general jurisdiction

17   notwithstanding continuous sales to Washington residents, ongoing advertising in

18   Washington, and ongoing business relationships with Washington agents), *rev'd on other*

19   *grounds*, 499 U.S. 585 (1991).  Here, New SCL's *de minimis* contacts with Washington fall

20   far below a level that would actually "approximate physical presence" in the forum, which is

21

22

23

24

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 6
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

what the law requires. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Accordingly, this Court cannot exercise general jurisdiction over New SCL.

**2.    This court does not have specific jurisdiction over New SCL**

In order for the Court to exercise specific jurisdiction, GurglePot must allege that New SCL has "minimum contacts" with Washington such that an assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Johnson v. Venzon*, 2012 U.S. Dist. LEXIS 123934, *4 (W.D. Wash 2012) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)). In the Ninth Circuit, this standard is met only when: "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Id.* GurglePot bears the burden of establishing the first two prongs of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If it fails to satisfy either prong, New SCL is not subject to personal jurisdiction in Washington. *Id.* Only if GurglePot is able to satisfy both prongs would the burden then shift to New SCL to demonstrate that the exercise of jurisdiction would not be reasonable. *Id.*

The first prong of the test refers to two concepts: "purposeful direction" and "purposeful availment." *Hunter v. Global Defense & Technology Sys., Inc.*, 2012 U.S. Dist. LEXIS 131546, *8 (E.D. Wash. 2012) (citing *Mavrix Photo, Inc. v. Branch Techs., Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011)). The Ninth Circuit typically applies the "purposeful

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 7
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

direction" test in tort cases and the "purposeful availment" test in contract and other cases. *Id.* (citing *Schwarzenegger*, 374 F.3d at 802).

In its Amended Complaint, GurglePot asserts the following claims against New SCL:

1. Declaratory Judgment of Trademark Invalidity Under 28 U.S.C. §§2201 and 2202

2. Cancellation of Federal Trademark Registration Under 15 U.S.C. §1064

3. Declaratory Judgment of Trademark Non-Infringement under 28 U.S.C. §§2201 and 2202

4. False Advertising and Unfair Competition Under 15 U.S.C. §1125(a), RCW 19.86, and Common Law

5. Tortious Interference with Business Expectancies and Relations Under Washington Common Law

Am. Com. ¶¶ 20-62.  As discussed below, GurglePot did not and cannot allege facts sufficient to satisfy both of the first two prongs of the specific jurisdiction test in regard to any of its claims.

      a.      **GurglePot cannot establish specific jurisdiction over New SCL in relation to its claims for declaratory judgment or trademark cancellation based upon cease-and-desist letters sent by New SCL**

As a basis for its claims for declaratory judgment of non-infringement and trademark invalidity, as well as the related claim seeking to cancel New SCL's trade dress registration, GurglePot alleges three related actions taken by New SCL: (1) that New SCL sent a cease-and-desist letter to GurglePot on or about October 4, 2013 asserting New SCL's trade dress rights and threatening infringement litigation; (2) that New SCL sent further correspondence to GurglePot subsequent to the cease-and-desist letter on or about November 7, 2013, again

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 8
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

asserting New SCL's trade dress rights and offering terms of settlement in order to avoid litigation; and (3) that New SCL sent a cease-and-desist letter to DeScenza on or about November 7, 2013 asserting New SCL's trade dress rights and threatening litigation. Am. Com. ¶¶ 14-9, 22, 46. GurglePot does not allege any further activity on the part of New SCL nor does GurglePot allege any cognizable harm beyond the bare allegation that, by asserting its intellectual property rights, New SCL has created "injury in fact." *Id.* at ¶¶ 22, 46. These allegations are insufficient to establish specific personal jurisdiction for any of these claims.

In applying the law of the Ninth Circuit, Courts have held that asserting trademark rights and threatening litigation through the sending of cease-and-desist letters does not provide a basis for personal jurisdiction over actions for declaratory judgment of non-infringement or trademark cancellation. *Fat Cat Mustard, LLC v. Fat Cat Gourmet Foods, LLC*, 2012 U.S. Dist. LEXIS 157900, *7 (W.D. Washington November 2, 2012) (finding no specific jurisdiction over claims for trademark cancellation and declaratory judgment alleged to have arisen from defendant's having sent two cease-and-desist letters to plaintiff asserting trademark rights and threatening litigation); *Elima Biotronics, LLC v. Fuente Cigar Ltd.*, 291 F. Supp. 2d 1182, 1184-85 (D. Nev. 2003) (finding a cease-and-desist letter asserting trademark rights and threatening litigation sent by defendant insufficient to establish specific jurisdiction).

The reasoning underpinning the rejection of cease-and-desist correspondence as a basis for providing personal jurisdiction is both simple and sound. Even if GurglePot could

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

establish the first prong of the specific jurisdiction test (that sending a letter is equivalent to

purposeful availment of the forum), it fails to meet the second requirement that the claim

arises out of or results from New SCL's forum-related activities.  This is because the fact that

New SCL sent cease-and-desist correspondence is <u>not</u> the basis for plaintiff's claims.  As

articulated by the *Elima Biotronics* court:

> The letter may have motivated Plaintiffs to commence this declaratory judgment action. Nevertheless, this is inadequate for jurisdictional purposes.  As other courts in the Ninth Circuit have held in cases similar to the instant case: 'letters threatening litigation are unrelated to the subject matter of the actual controversy, which is whether the declaratory judgment defendant has intellectual property rights that have been infringed by the declaratory judgment plaintiff.'

291 F. Supp. 2d at 1185 (quoting *Douglas Furniture Company of California, Inc., v. Wood*

*Dimensions, Inc.*, 963 F. Supp. 899, 902 (C.D. Cal. 1997) and citing *Stairmaster*

*Sports/Medical Prods., Inc. v. Pacific Fitness Corp.*, 916 F. Supp. 1049, 1056

(W.D.Wash.1994).  As was the case in *Fat Cat Mustard*, in the instant action the "act of

sending the letters to Washington is not the basis for any of [the plaintiff's] asserted claims"

even though the letters "may have contained information pertaining to the basis for [the

plaintiff's] cause of action." 2012 U.S. Dist. LEXIS 157900, *9 (holding that plaintiff failed

to satisfy second prong of the specific jurisdiction test).

Because it merely alleges that New SCL has sent cease-and-desist letters and no more,

GurglePot has failed to allege any activity on the part of New SCL that satisfies the second

prong of the specific jurisdiction test in connection with its claims for declaratory judgment

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 10
No. 3:13-cv-6029

Corr Cronin Michelson
Baumgardner & Preece LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

for trademark invalidity and non-infringement or trademark cancellation. Accordingly, there is no basis for the Court to exercise jurisdiction over New SCL in relation to these claims.

### b. GurglePot cannot establish specific jurisdiction over New SCL in relation to its claims for false advertising and tortious interference

Because false advertising and tortious interference are causes of action that sound in tort, the Court should apply the "purposeful direction test" to determine whether it may exercise personal jurisdiction over New SCL. *Design Res., Inc. v. Leather Indus. of Am., Inc.*, 2010 U.S. Dist. LEXIS 5058 (W.D. Wash. Jan. 21, 2010) (describing claims for false advertising as tortious); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. Cal. 2004) (stating that the Ninth Circuit typically applies the "purposeful direction" test in tort cases and the "purposeful availment" test in contract cases). Under the "purposeful direction" test, the Court looks to whether a defendant purposefully directs its activities at the forum state. *Id.* at 803. The test requires that the defendant have (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

### i. The only action taken by New SCL that GurglePot can allege as giving rise to its claims of injury is the sending of a single letter to a non-resident company located in Massachusetts

Here, the only act alleged by GurglePot to have given rise to its false advertising claims is the sending of a cease-and-desist letter. [2] Am. Com. ¶¶ 18,19, 53. In regard to its

---

[2] New SCL need not and therefore does not, for the purpose of this motion, address the substantive merits of GurglePot's allegations that its letters constituted a "false, deceptive, misleading, and

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

tortious interference claim, GurglePot states that "Defendant has made and continues to make misrepresentations to Plaintiff's customers about Defendant's purported trade dress rights." *Id.* at ¶ 60. GurglePot alleges that accused communications have been sent to "customers" and "potential customers," but this is not correct—New SCL sent a single letter to DeScenza. Groffenberger Decl. ¶ 6. Because GurglePot's allegations are contradicted by the attached declaration, the Court "may not assume the truth of [these] allegations." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977). Thus, the only communications giving rise to GurglePot's claims were with GurglePot itself and with its customer, DeScenza, a non-resident company running a small chain of jewelry stores with locations only in Massachusetts. No other customer of GurglePot is named by plaintiff.

> **ii.     The letter sent by New SCL to GurglePot's customer in Massachusetts did not target this forum and, therefore, does not give rise to personal jurisdiction**

There is simply no nexus between the letter that New SCL sent to DeScenza and the State of Washington other than the fact that GurglePot, the manufacturer of the goods infringing New SCL's trade dress, is a Washington resident. GurglePot alleges that, because it is a forum resident, New SCL was aware its actions would have had an effect in Washington, but this argument must fail. A claim that a defendant "knew or should have known that plaintiff's principal place of business was [in the forum] is insufficient, on its

---

fraudulent description and representation of fact" or tortiously interfered with GurglePot's business expectancies, and expressly reserves its right to deny such allegations in the event that it is required to answer GurglePot's Amended Complaint.

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 12
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   own" to establish the second "express aiming" prong of the purposeful direction test. *Johnson*

2   *v. Venzon*, 2012 U.S. Dist. LEXIS 123934, *6 (W.D. Wash 2012) (citing *Schwarzenegger*,

3   374 F.3d at 807). Rather, GurglePot must demonstrate that New SCL individually targeted or

4   specifically directed wrongful conduct at this forum. *Johnson v. Venzon*, 2012 U.S. Dist.

5   LEXIS 123934, *6 (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006)).

6

7          The fact that New SCL's letter to DeScenza was directed to Massachusetts and not

8   Washington is self-evident as the letter was sent in hard copy via overnight courier directly to

9   an address in Massachusetts. Groffenberger Decl., ¶ 6. In similar circumstances, the Ninth

10  Circuit has squarely held that jurisdiction does not lie. In *Schwarzenegger*, a car dealership

11  owner in Ohio published advertisements in that state featuring unauthorized images of the

12  movie star and governor of California, Arnold Schwarzenegger. Governor Schwarzenegger

13  filed suit alleging false advertising in California.[3] The Ninth Circuit affirmed the district

14  court's finding that it could not exercise personal jurisdiction over the defendant, stating:

15

16              Here, Fred Martin's intentional act -- the creation and publication
               of the Advertisement -- was expressly aimed at Ohio rather than
17             California. The purpose of the Advertisement was to entice
               Ohioans to buy or lease cars from Fred Martin and, in particular, to
18             'terminate' their current car leases. The Advertisement was never
               circulated in California, and Fred Martin had no reason to believe
19             that any Californians would see it and pay a visit to the dealership.
               Fred Martin certainly had no reason to believe that a Californian
20             had a current car lease with Fred Martin that could be 'terminated'
21

22  _____

    [3] Although GurglePot has alleged False advertising, a single cease-and-desist letter does not
23  constitute advertising as a matter of law, and the claim must therefore be dismissed on that basis. *See*
    Section II(D), *infra*. For the purposes of this jurisdictional argument, however, New SCL will assume
    *arguendo* that the letter to DeScenza could give rise to claims for false advertising and tortious
24  interference.

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 13
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4

> as recommended in the Advertisement. It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California . . . and Fred Martin may have known that Schwarzenegger lived in California. But this does not confer jurisdiction, for Fred Martin's express aim was local. We therefore conclude that the Advertisement was not expressly aimed at California.

5
6
7

*Schwarzenegger*, 374 F.3d at 807 (affirming district court's finding of no personal jurisdiction).

8
9
10
11
12
13
14
15
16
17
18

New SCL's alleged intentional act in the instant dispute, sending a cease-and-desist letter to DeScenza, is even more locally aimed towards a foreign jurisdiction than the advertisements published by Mr. Martin in *Schwarzenegger*. The letter to DeScenza was sent to only one company in Massachusetts and New SCL had no reason to believe that any consumer in Washington would see the letter. That GurglePot resides in Washington is not a relevant factor in this analysis and does not confer jurisdiction. New SCL's express aim and the alleged harm was local to Massachusetts, where GurglePot deals with DeScenza. Accordingly, the Court must refrain from exercising personal jurisdiction over New SCL in regard to the false advertising and tortious interference claims, both of which arise as a result of allegations regarding the single DeScenza letter.

19

\*\*\*\*\*\*\*

20
21
22
23
24

As discussed above, GurglePot cannot meet its burden of demonstrating the facts necessary to establish specific jurisdiction over New SCL. GurglePot fails to establish that New SCL's cease-and-desist correspondence is the basis for its claims of declaratory judgment of invalidity and non-infringement and trademark cancellation and, therefore,

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 14
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

cannot establish the second prong of the specific jurisdiction test.  Moreover, GurglePot

cannot satisfy the second or third prong of the purposeful direction test in connection with its

false advertising and tortious interference claims because the letter sent by New SCL to

DeScenza was quintessentially local activity that was not directed or aimed at this forum.

Because New SCL has only minimal contacts with Washington and the Court cannot exercise

general jurisdiction, the action should be dismissed for lack of personal jurisdiction over New

SCL.

**B.**   **Maintaining this action will result in duplicative litigation because New SCL intends to sue DeScenza as well as GurglePot in Massachusetts and DeScenza is not subject to joinder in this action**

Maintaining the action in this forum necessitates the filing of duplicative litigation.

New SCL intends to bring infringement claims against DeScenza, GurglePot's customer, at

the time it brings them against GurglePot.  If New SCL must answer the Amended Complaint,

the most efficient means of bringing its claims against GurglePot and DeScenza would be to

counterclaim against the former and permissively join the latter pursuant to the Rules of Civil

Procedure.  This would be possible in Massachusetts, the logical forum for this dispute in

light of GurglePot's allegations.  Because Massachusetts resident DeScenza is likely not

subject to the jurisdiction of the Court, New SCL cannot join it as a defendant in this forum.

If the instant action remains in Washington, New SCL would need to file a duplicative and

costly action in Massachusetts.  Considerations of judicial economy dictate that, if this action

is to proceed, it should proceed in Massachusetts, where there is jurisdiction over all of the

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 15
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  parties and one court can adjudicate all of the disputed issues without risk of inconsistent

2  judgments.

3  **C.   Alternatively, this case should be transferred to the United States District Court**
   **for the District of Massachusetts**

4

5  In the event that the Court finds that it may exercise personal jurisdiction, which it

6  should not, New SCL respectfully requests that the Court transfer this action to the Boston

7  division of the United States District Court for the District of Massachusetts where - (1) New

8  SCL has its primary place of business; (2) the events that gave rise to this action

9
   predominantly took place; and (3) an essential witness, DeScenza, that has been named by

10
   GurglePot within the four corners of its Amended Complaint, resides beyond the reach of this

11
   forum's compulsory process.

12

13  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in

14  the interest of justice, a district court may transfer any civil action to any other district or

15  division where it might have been brought."  According to the Supreme Court of the United

16  States, "Section 1404(a) reflects an increased desire to have federal suits tried in the federal

17  system at the place called for in the particular case by considerations of convenience and

18  justice," without regard to where the action was originally filed.  *Van Dusen v. Barrack*, 376

19  U.S. 612, 616 (1964).

20

21  Whether to transfer an action pursuant to § 1404(a) lies within the discretion of the

22  court.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  The factors

23  weighed in deciding a motion to transfer venue include:

24

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1.  The location where the relevant agreements were negotiated and executed;

2.  The state that is most familiar with the governing law;

3.  The plaintiff's choice of forum;

4.  The respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum;

5.  The differences in the costs of litigation in the two forums;

6.  The availability of compulsory process to compel attendance of unwilling non-party witnesses;

7.  The ease of access to sources of proof; and

8.  The relevant public policy of the forum state, if any.

*Id.* In this case, the District of Massachusetts is a venue where this action might have been brought and indeed should have been brought. New SCL's principal place of business is located in the District of Massachusetts (28 U.S.C. § 1391(b)(1)), and this is where a "substantial part of the events and omissions giving rise to the claim occurred" (28 U.S.C. § 1391(b)(2)). Even the Washington state law claims (or, perhaps more appropriately, corollary claims under Massachusetts state law) might have been brought in the District of Massachusetts pursuant to supplemental jurisdiction because they "are so related to claims in the action . . . that they form part of the same case or controversy under Article II of the United States Constitution." 28 U.S.C. § 1367.

**1.   Several factors relevant to transfer of this action to Massachusetts pursuant to 28 U.S.C. § 1404(a) favor transfer**

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 17
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    _Compulsory process of non-party witnesses_.  Where non-party witnesses reside in the

2    alternative venue, the sixth factor favors transfer.  _Nordquist v. Blackham_, 2006 U.S. Dist.

3    LEXIS 64495, *11 (W.D. Wash. Sep. 11, 2006).  GurglePot expressly bases the foundation of

4    its claims, in whole or in part, on an interaction which took place between New SCL and

5    DeScenza in Massachusetts.  It would be fundamentally unfair for GurglePot to be permitted

6    to proceed to trial against New SCL on these claim if New SCL were unable to call

7    representatives of DeScenza as witnesses.  This eventuality is foreseeable given that

8    DeScenza is located on the opposite coast and, as a direct competitor of New SCL, would

9    have little or no incentive to make the trip to provide live testimony on a voluntary basis.

10   _Respective parties' contacts_.  The fourth factor also strongly favors transfer.  While it

11   is true that GurglePot has contacts with Washington because it resides here, otherwise, this

12   case has no connection whatsoever with this forum.  New SCL has minimal, intermittent

13   contacts with this forum and resides in Massachusetts along with DeScenza, where all of the

14   activities giving rise to the claims asserted by GurglePot actually took place.

15   _The ease of access to sources of proof_.  This seventh factor weighs in favor of transfer.

16   Access to other sources of proof such as documents weighs in favor of transfer where a

17   plaintiff does not point to specific sources of proof in its district but where other evidence is

18   located in the alternative venue.  _Nordquist_, 2006 U.S. Dist. LEXIS 64495 at * 12.  Again,

19   GurglePot has stated all of its claims based on documentation that emanated from and/or was

20   circulated in Massachusetts.  In addition, relevant to this dispute is whether New SCL has

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 18
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    legitimate and enforceable trade dress rights, and all documentation related to New SCL's

2    intellectual property rights resides in Massachusetts.  GurglePot has not alleged any facts that

3    raise an inference that there are specific sources of proof residing here in Washington.

4    Accordingly, this factor favors transfer.

5        The differences in the cost of litigation.  As discussed above in Section II(B), transfer

6    of this action to the District of Massachusetts will permit a single, multi-party litigation

7    (plaintiff, defendant, and DeScenza) rather than costly and duplicative suits.  This factor

8    strongly favors transfer.

9        **2.     The remaining factors are neutral as to either party and, therefore,
         transfer is appropriate in this instance**

10       The plaintiff's choice of forum.  This third factor often weighs against transfer,

11   because the "plaintiff's choice of forum is generally afforded great weight."  However, "the

12   degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the

13   plaintiff's venue choice lacks a significant connection to the activities alleged in the

14   complaint."  *Nordquist*, 2006 U.S. Dist. LEXIS 64495 at *7.  In this case, New SCL is the

15   natural plaintiff and not GurglePot.  The claims brought by GurglePot are essentially in the

16   nature of counterclaims to the allegations of infringement raised by New SCL in its cease-

17   and-desist letters to GurglePot.  It is actually New SCL's substantive trademark rights that are

18   at the heart of this dispute.  Because of this, and because none of the activities alleged in the

19   Amended Complaint took place in Washington, little if any weight should be afforded

20   GurglePot's forum of choice.

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 19
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**D.    GurglePot does not state a claim under the Lanham Act because the cease-and-desist letter New SCL sent to DeScenza does not constitute commercial advertising or promotion**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Circ. 2009) (internal citations omitted). The court is not, however, bound to accept the plaintiff's conclusory allegation of law and unwarranted inferences will not defeat an otherwise proper motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The sole factual basis alleged by GurglePot in support of its claim of false advertising is the November 7, 2013 letter sent by New SCL to DeScenza. Am. Comp. ¶ 16. The law on this issue is clear: a single cease-and-desist letter sent to one entity in the marketplace for giftware does not constitute "commercial advertising or promotion" under the Lanham Act. *See* 15 U.S.C. § 1125(a)(1)(B) (prohibiting false statements in "commercial advertising or

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 21
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**D.   GurglePot does not state a claim under the Lanham Act because the cease-and-desist letter New SCL sent to DeScenza does not constitute commercial advertising or promotion**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Circ. 2009) (internal citations omitted). The court is not, however, bound to accept the plaintiff's conclusory allegation of law and unwarranted inferences will not defeat an otherwise proper motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The sole factual basis alleged by GurglePot in support of its claim of false advertising is the November 7, 2013 letter sent by New SCL to DeScenza. Am. Comp. ¶ 16. The law on this issue is clear: a single cease-and-desist letter sent to one entity in the marketplace for giftware does not constitute "commercial advertising or promotion" under the Lanham Act. *See* 15 U.S.C. § 1125(a)(1)(B) (prohibiting false statements in "commercial advertising or

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 21
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

promotion"); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003) (holding that statements which did not "propose a commercial transaction" are not actionable as false advertising); *Luxpro Corp. v. Apple Inc.*, 2011 U.S. Dist. LEXIS 35008, 36 (N.D. Cal. Mar. 24, 2011) (holding plaintiff failed to state a claim for false advertising because demand letters sent to plaintiff's commercial partners were not "commercial advertising or promotion" and citing other cases reaching the same conclusion).[5]  Pursuant to 15 U.S.C. § 1117, "The court in exceptional cases may award reasonable attorneys' fees to the prevailing party."  New SCL requests that the Court do so here, as GurglePot's claim that New SCL committed false advertising by sending a private letter seeking only to enforce rights in its registered trademark - which is entitled to a presumption of validity - is simply not colorable.

**E.**   **GurglePot does not state a claim for tortious interference with business expectancies and relations under Washington common law**

GurglePot has not pleaded sufficient facts to support its claim for tortious interference. "To prevail on a claim of tortious interference with a contract or business expectancy under Washington law, a plaintiff must allege and prove (1) the existence of a valid contractual relationship or valid expectancy, (2) defendants' knowledge of that expectancy, (3) intentional interference inducing or causing a breach of that relationship or expectancy, (4) defendants'

---

[5] It is unclear whether GurglePot's reference to "unfair competition" is alleging violation of 15 U.S.C. § 1125(a)(1)(A), which is commonly used to assert infringement of unregistered trademarks, or refers only to its state law claims.  In any event, GurglePot does not state a claim for unfair competition under Section 1125(a)(1)(A), as GurglePot does not and cannot allege that New SCL has used a trademark or otherwise made a false statement of fact that "is likely to cause confusion … as to the affiliation, connection or association" of the parties or as to the "origin, sponsorship, or approval" of the parties' respective products.

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 22
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

improper purpose or improper means, and (5) resultant damages." *Hazelquist v. Guchi Moochie Tackle Co.*, 2004 U.S. Dist. LEXIS 13991, *2 (W.D. Wash. May 12, 2004). Here, GurglePot has alleged that New SCL contacted its customer but has alleged no facts to suggest that a breach of the relationship between it and DeScenza has occurred. Nor has GurglePot alleged any damages that run from New SCL having sent a cease-and-desist letter to DeScenza. Am. Com. ¶¶ 60-62. Moreover, New SCL merely sought to assert a legally protected interest in its registered trade dress, which does not rise to the level of an improper purpose. In light of the insufficiency of GurglePot's pleading, its claim for tortious interference with business expectancies and relations should be dismissed for failure to state a claim upon which relief may be granted. *Id.* at *3-4 (dismissing a claim for tortious interference under Washington law in which plaintiff failed to plead both actual breach of relations and damages resulting from the defendant allegedly asserting rights in an issued patent).

## III.   CONCLUSION

For the foregoing reasons, New SCL respectfully requests that this Court dismiss this action for lack of personal jurisdiction. Alternatively, New SCL respectfully requests that the Court transfer this action to the District of Massachusetts. New SCL also respectfully requests that the Court award it the costs and fees it has incurred in connection with this motion.

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 23
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    DATED this 22nd day of April, 2014.

2

3                                    CORR CRONIN MICHELSON
                                     BAUMGARDNER & PREECE LLP
4

5                                    *s/ Steven W. Fogg*
                                     Steven W. Fogg, WSBA No. 23528
6                                    Seann C. Colgan, WSBA No. 38769
                                     1001 Fourth Avenue, Suite 3900
7                                    Seattle, WA  98154
                                     Telephone:  (206) 625-8600
8                                    Email: sfogg@corrcronin.com
                                            scolgan@corrcronin.com
9

10                                   Julia Huston (*pro hac vice*)
                                     Anthony E. Rufo (*pro hac vice*)
11                                   Foley Hoag LLP
                                     Seaport West
12                                   155 Seaport Boulevard
                                     Boston, Massachusetts 02210-2600
13                                   Telephone:  (617) 832-1000
                                     Email: jhuston@foleyhoag.com
14                                          arufo@foleyhoag.com

15
                                     ***Attorneys for Defendants***
16

17

18

19

20

21

22

23

24

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 24
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## CERTIFICATE OF SERVICE

2      The undersigned hereby certifies as follows:

3      1.      I am employed at Corr Cronin Michelson Baumgardner & Preece LLP,

4  attorneys for Defendants herein.

5      2.      I hereby certify that on April 22, 2014, I filed the foregoing document through

6  the Court's ECF service which will send notification of filing to the following:

7
   Jonathan I. Feil, WSBA No. 14166
8   Simburg, Ketter, Sheppard & Purdy, LLP
   999 Third Avenue, Suite 2525
9   Seattle, WA 98104
   jfeil@sksp.com
10

11      *Attorneys for Plaintiff*

12      I declare under penalty of perjury under the laws of the United States of America that

13  the foregoing is true and correct.

14      DATED this 22nd day of April, 2014, at Seattle, Washington.

15

16
                    *s/ Steven W. Fogg*
17                   Steven W. Fogg

18

19

20

21

22

23

24

MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE – Page 25
No. 3:13-cv-6029

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

B4247788

New SCL 00001 ed215838kt